# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID GEORGE BAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-610 CAS |
| ) | |
| CITY OF JACKSONVILLE, TEXAS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, currently residing in the State of Texas,[1] has filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, seeking relief for certain claimed violations of his federally protected rights. Because the Court lacks venue over this matter, the Court will transfer plaintiff's action to the United States District Court for the Eastern District of Texas.

Plaintiff brings this action against the City of Jacksonville, Texas, nine officers of the Jacksonville Police Department (three named and six sued as John Doe defendants), the Jacksonville City Attorney, and a Jacksonville municipal judge. Plaintiff complains that his civil rights were violated when he was "unreasonably seized," "falsely arrested," "falsely imprisoned," and "maliciously prosecuted," while staying at a "building known as the 'house of Israel' with address of 300 South Main Street" Jacksonville, Texas.

Pursuant to the federal venue statute, 28 U.S.C. § 1391(b), venue for this case is proper (1) only in the district where any defendant resides, if all defendants reside in the same state, or (2) in a

---

[1] In his complaint, plaintiff asserts that he was born in the State of Missouri and maintains his "domicile and household" here, but in the Court record he has listed his address as 300 South Main Street, Jacksonville, TX.

district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Because all of the events giving rise to plaintiff's claims occurred in Cherokee County, Texas, which is in the Eastern District of Texas, venue lies in the Eastern District of Texas, not in the Eastern District of Missouri.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court finds that these factors are met and that it would be in the interest of justice to transfer this action to the Eastern District of Texas.

Accordingly,

**IT IS HEREBY ORDERED** that this case will be transferred to the United States District Court for the Eastern District of Texas.

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of May, 2008.